[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE THIRD PARTY COMPLAINT CT Page 10883
The third party defendants, Lambert and Ida, Building Inspectors for the City of Norwich have moved to strike the third party plaintiff's, Shop-Rite Supermarkets, Inc. Amended Complaint dated December 10, 1992.
The third party defendants claim that counts one and two sound in negligence and are barred by Connecticut General Statutes 52-557n(b)(7) and 52-557(b)(8). The third party defendant claims that the complaint alleges facts which amount to negligence only and not recklessness. The statutes cited above provide for immunity to municipalities and their employees for the "issuance . . . of any permit . . . when such authority is a discretionary function by law." Also the statutes provide for immunity for "failure to make an inspection or making an inadequate or negligent inspection of any property."
In this case the third party defendants have used the word "recklessly" instead of negligently when alleging facts that amount to negligence only. In order to prevail on a claim of recklessness the complaint must set forth facts alleging that the third party defendants knew or should have known of the highly dangerous condition at issue. Banasiewicz v. Town of Griswold, 5 Conn. L.Rptr. 635 (Purrill, J.). Further, the third party plaintiff must allege that the action producing the injury and the resulting injury itself was intentional for which there is no just cause or excuse. Dubay v. Irish, 207 Conn. 518, 532-533 (1988); Fusco, et al v. Town of Colchester, et al, 9 Conn. L.Rptr. No. 7 (September 13, 1993, Mihalakos, J.).
Since there is no allegation in either count that the third party defendants acted intentionally in producing the injury or that the injury itself was intentional, the complaint is legally insufficient. Having failed to state a cause of action under the statutes the third party Amended Complaint is hereby stricken.
Hurley, J. CT Page 10884